UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMARR TERRY, # 209793,  )
a/k/a/ Jamirr H. Terry Bey,  )
                                 )
      Plaintiff,  )   Case No. 1:12-cv-347
                                 )
v.  )   Honorable Paul L. Maloney
                                 )
ALLEN BYAM, et al.,  )   **REPORT AND RECOMMENDATION**
                                 )
      Defendants.  )
_____)

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his confinement in early 2012 at the Calhoun County Correctional Facility (CCCF). The defendants are Deputy Sheriff Rudolph[1] Vergin and former Sheriff Allen Byam. Plaintiff alleges that Deputy Vergin violated his First Amendment rights by mishandling his mail on four occasions: (1) on February 28, 2012, when he "refused to take" an item of outgoing mail from plaintiff, (2) on March 14, 2012, when he returned an item of outgoing mail to plaintiff, (3) on March 23, 2012, when he delivered "legal mail already opened," and (4) on April 5, 2012, when he "brought legal mail to [plaintiff's] cell already opened." (Compl. at 8, 11). Plaintiff alleges that on March 30, 2012, Deputy Vergin "retaliated" against him in violation of his First Amendment rights by telling an inmate that plaintiff had complained that the inmate had "purposefully mess[ed] up the floors." (*Id.* at 8). Plaintiff alleges that Sheriff Byam violated his First Amendment rights by

_____

      [1]Defendant Vergin is referred to in the complaint as "Roody" Vergin.

denying him access to state and local newspapers and newspaper reporters. (*Id.* at 9). Plaintiff seeks an award of damages.² (*Id.* at 13).

The matter is before the court on defendants' motion for summary judgment. (docket # 26). Plaintiff has filed his response. (docket # 28). For the reasons set forth herein, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor on all plaintiff's claims.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the

---

²All other claims were dismissed on initial screening. (docket #s 16, 17).

nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

Although plaintiff responded to defendants' motion for summary judgment, he did not support his response with any admissible evidence. This failure, standing alone, is insufficient to warrant summary judgment in defendants' favor. Rather, the court is still required to determine whether defendants have met their initial burden of demonstrating the absence of a triable issue of fact. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000).

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. In early 2012, he was an inmate at the Calhoun County Correctional Facility (CCCF). (Vergin Aff. ¶ 3, docket # 27-1, ID# 140).[3] Deputy Sheriff Rudolph Vergin and Sheriff Allen Byam were employed by the county at CCCF during this period.

Deputy Vergin's duties included distribution of incoming inmate mail and collection of outgoing inmate mail. (¶¶ 1-7, ID#s 140-41). Vergin did not process incoming mail. His job was delivery, regardless of whether correspondence had been opened by someone else during the inspection process or remained sealed. If a letter was sealed, Deputy Vergin opened it in the presence of the inmate and removed contraband items, but did not read the correspondence. (¶¶ 13-22, ID#s 141-42; docket # 27-1, ID#s 150-55). Further, Deputy Vergin did not refuse any item of outgoing mail. An envelope that plaintiff tried to mail to the sheriff on March 14, 2012, was sent back to him unopened by a clerk because plaintiff was required to communicate with the jail's administration through the grievance process. (¶¶ 22-27, ID#s 142-43; docket # 27-1, ID# 157).

On April 6, 2012, Deputy Vergin investigated a possible incident involving plaintiff and inmate Kulla. The allegation was that plaintiff had been spreading rumors about Kulla and had pushed him in the jail's dayroom. Deputy Vergin took precautions to keep Kulla and plaintiff apart while he conducted his investigation. The results of the investigation proved inconclusive and no

---

[3]All the paragraph references herein are references to defendant Vergin's affidavit. Plaintiff produced no evidence in response to defendants' motion for summary judgment. (*See* docket # 28). Plaintiff's complaint is not verified or submitted under penalty of perjury. It cannot be considered as his affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

disciplinary action was taken against any inmate. (¶¶ 28-31, ID#s 143-44;docket # 27-1, ID#s 159-60).

Plaintiff, like all other CCCF inmates, retained access to regional and national news magazines and television reports. CCCF does not permit access to local news sources because they are likely to contain information about the charges against or convictions of fellow inmates. "This limitation is necessary to prevent information about other inmates from being available to other jail inmates, to prevent assaults or similar disruptions in the jail when housing individuals who have been accused of noteworthy criminal acts, or specific crimes that might become security problems, such as physical or sexual assaults against children, or crimes against family members, or friends, or fellow gang members." CCCF does not restrict an inmate's ability to contact reporters and media outlets. (¶¶ 34-40, ID#s 145-46).

## **Discussion**

Plaintiff did not support his allegations against defendants with evidence. There is no evidence before the court on which a reasonable trier of fact could find that Deputy Vergin violated plaintiff's First Amendment rights by retaliation or through the handling of his incoming or outgoing mail. *See Merrweather v. Zamora*, 569 F.3d 307 (6th Cir. 2009); *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003); *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*).

Plaintiff objects to the sheriff's policy preventing him from receiving local news during his brief period of confinement at CCCF. In the jail context, First Amendment rights are subject to balancing against legitimate governmental interests. Thus, even in the face of a valid First Amendment claim, an inmate's rights are subject to balancing under the familiar *Turner* test. *Turner*

*v. Safley*, 482 U.S. 78, 89-91 (1987); *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348-53 (1987). In this case, there is a valid, rational connection between the regulation and the legitimate governmental interest put forward to justify it. The Sheriff's proffered reason, arising from a concern that access to local news could lead to inmate assaults or other breaches of jail order and security, is grounded in valid penological interests. Plaintiff retained alternative means of accessing other news sources, accommodation of the claimed right would undermine jail security, and plaintiff has not identified any alternatives at a *de minimus* cost to valid penological interests. 482 U.S. at 89-91. No First Amendment violation occurred. Qualified immunity provides an additional ground for entry of judgment in defendant Byam's favor, because plaintiff has not shown that Byam's actions violated any clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223 (2009).

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 26) be granted and that judgment be entered in defendants' favor on all plaintiff's claims.


Dated:  November 25, 2013           /s/  Joseph G. Scoville
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).